STATE OF IOWA, Appellee, v. EDGAR XANDERS, Appellant.

No. 41332.

NOVEMBER 22, 1932.

John Fletcher and Neill Garrett, for appellee.

Burnstedt & Hemingway, for appellant.

EVANS, J.—On the evening of December 29, 1930, the defendant, in company with one Luther Tate, robbed the oil filling station of one Christenson located at Highview in Hamilton County. The material facts were disclosed in the evidence for the State so conclusively that the defendant himself took the witness stand in explanation of some of them and freely admitted the robbery. His version of it was that he was under duress and in fear of Tate. Christenson testified:

"I live at Highview in Hamilton County, and run an oil station in Hamilton County. On the evening of December 29, 1930, a car drove up and two men got out and asked for gas. I got the gas and stepped inside the door and Mr. Tate held a gun and said, 'Stick 'em up, we are after your money and we are going to have it.' Mr. Xanders took the money out of the box and went out and I was still covered by the other party. I was naturally in fear, it was my first experience."

On the question of defendant's intent, it appears also that shortly before the robbery, on the same evening, the same parties in the same manner had robbed an oil station at Fort Dodge. This is a sufficient statement of facts to enable us to consider the errors assigned by the appellant.

I. The defendant demurred to the indictment on the ground that it was indefinite and "failed to set forth the necessary elements

382

that go to make up the crime charged." The indictment is in the language of the statute and conforms to all the statutory requisites of the short form of indictment. Under the statute the defendant was entitled to move for more specific statement of particulars, but he did not do so. We see no ground of reversal at this point.

■ II. The second assignment of error is predicated upon the claim that the trial court erroneously precluded the defendant from examining the jurors along lines which would have enabled him to exercise his peremptory challenges intelligently. The record upon which this error is predicated may be stated briefly. Defendant's counsel put to one of the jurors the following question:

"Q. Now don't you believe, Mrs. Erton, if you were selected as a juror and are called upon to try this case, that as a juror you should give this case more careful consideration if the penalty involved was a life sentence in the penitentiary rather than if it was simply a jail sentence?"

Objection to the foregoing being sustained, counsel put to the juror, over objection, the following questions successively, stating at the same time that he sought the information with the view of exercising his peremptory challenges:

"Q. Now Mrs. Erton, have you any notions or prejudice as to crimes that carry with them penalties involving all the way from ten to twenty-five years in the penitentiary?"

"Q. If the penalty was serious and was such that a man could be sentenced to 25 years in the penitentiary, do you believe that you ought to, if you are selected as a juror, give that more conscientious consideration than if the sentence was a jail sentence?"

Each of the foregoing questions was duly objected to. The court ruled thereon as follows:

"I think it is improper and I think the jury should not be given to understand that this crime carries with it a penalty of 25 years or 10 years or any other time. All crimes are punishable by indeterminate sentences, and the jury will understand that this crime like all other crimes, all other felonies, is punishable by an indeterminate time in the penitentiary or in some penal institution. The objection is sustained. Defendant excepts."

The foregoing ruling of the court discloses the ground upon

which it was predicated. It was clearly correct and is quite unassailable here.

III. At the close of the evidence the defendant moved for a directed verdict on the ground that the evidence was insufficient to sustain the charge of robbery. The argument in support of this assignment of error is that the defendant was not a free agent and that he acted under fear of Tate. The defendant testified to his fear. While Tate held the victim with his gun, this defendant rifled the cash drawer of all its contents, consisting of $27.45. He testified that he gave all the money to Tate and received back from Tate $8.50 as his share of the plunder. Defendant's home was on a farm near Webster City. He was 23 years of age and suffered some impediment of speech. Several of his neighbors appeared as witnesses in his behalf and testified that he was an "honest" man and a "law-abiding citizen." We take the foregoing to mean that he bore a reputation to the foregoing effect.

He was active in the perpetration of the robbery. He himself took the money. The same program had been performed shortly before at Fort Dodge. Assuming that Tate was the stronger personality, and that he dominated to some extent the defendant, yet the evidence of duress is a mere scintilla. The jury gave the defendant the full benefit of it in finding him guilty of robbery *without* aggravation, rather than *with* aggravation. The maximum penalty in the one case was 25 years, and in the other was 10 years. It would be trifling to say that the evidence in support of the charge was not sufficient to go to the jury. It was abundantly so. The degree of domination, if such, of Tate over the defendant may be proper for the consideration of the tribunal which must finally fix the limitation upon the imprisonment of the defendant. The length of the sentence to be served by the defendant under the provisions of Section 13040 was beyond the power of the trial court to fix. It is likewise beyond our power. There is no error in the record.

The judgment is accordingly—Affirmed.

STEVENS, C. J., and ALBERT, KINDIG, CLAUSSEN, and BLISS, JJ., concur.